### T. L. MARSALIS ET AL. v. TEXAS CACTUS HEDGE CO.
#### (No. 5311.)

EVIDENCE — DEPOSITIONS. — No error for officer to indorse on envelope the names of parties to the suit and names of witnesses; this matter is within the discretion of the court.

PRACTICE — INCORPORATION. — "Was duly incorporated," and date and manner of, a sufficient allegation.

APPEAL from Johnson county. Opinion by WATTS, J.

STATEMENT. — Suit by appellee against appellants for damages for an alleged wrongful seizure and sale of a portion of a stock of groceries, claimed to have been purchased by appellee from W. Price. Appellants claimed that Price was in failing circumstances and largely indebted, and that the sale was made to appellee for the purpose and with the intent to hinder, delay and defraud his creditors, and this intent was known to appellee, or ought to have been so known by the use of ordinary diligence, at the time of the sale; that the sale was not in good faith and for a valuable consideration, because the only consideration paid was a void patent right; the answer asserting facts which, it is claimed, showed its invalidity. Judgment for appellee for $699.10.

OPINION. — There was no error in permitting the officer who took the depositions to indorse upon the envelope the names of the parties to the suit and also the name of the witness whose deposition it contained. This was a matter addressed to the discretion of the court, and no abuse of its exercise is disclosed by the record. Chapman v. Allen, 15 Tex., 282; Conger v. Cotton, 37 Ark., 293.

It is claimed that the court erred in overruling appellant's exceptions to appellee's repleader. These exceptions were that it was not shown by the allegations where or in what manner or for what purpose appellee was incorporated, and that it was not alleged that the charter authorized appellee to buy, own and hold merchandise.

Where plaintiff alleges its own incorporation the statute requires that the allegation shall be that it "was duly incorporated" and "the date and manner of incorporation shall be stated." R. S., art. 1190. It was alleged "that plaintiff, Texas Cactus Hedge Company, is now, and was on September, 1882, a corporation duly incorporated under the general laws of the state of Texas, having its principal office in the city of Cleburne, Texas, by filing its charter in the secretary of state's office, at Austin, Texas, on the 4th day of September, 1882." These allegations show a substantial compliance with the statute.

It was not necessary for appellee to allege that the charter authorized it to buy, own, hold and sell merchandise. If appellee had exceeded its powers in this respect, then appellants should have averred and shown it. The statute expressly authorizes private corporations to buy, own and sell property for certain purposes. R. S., art. 575.

Appellant's exceptions to appellee's repleader were properly overruled.

REVERSED AND REMANDED.